Simo v. Home Health & Hospice          CV-94-206-JD  06/19/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Glenda Simo</u>

         v.                              Civil No. 94-206-JD

<u>Home Health & Hospice Care</u>


O R D E R


This employment discrimination lawsuit is scheduled for trial on July 11, 1995.  Before the court are the defendant's motion to strike demand for jury trial (document no. 21) and the defendant's motion <u>in</u> <u>limine</u> (document no. 22).


Background

The plaintiff was hired by the defendant, Home Health & Hospice Care, on August 8, 1988, as a homemaker.  At that time the plaintiff allegedly told the defendant that she suffered from post traumatic stress disorder ("PTSD") and, as a result, was incapable of working alone with a man in a closed environment. The plaintiff alleges that the defendant violated the Rehabilitation Act of 1974 ("the Act"), 29 U.S.C. § 794, by failing to make reasonable accommodations for her condition and by ultimately terminating her employment on May 9, 1991.  The plaintiff claims damages for lost wages, pain and suffering,

mental anguish, humiliation, embarrassment, loss of fringe benefits, attorney's fees, and exemplary damages.

## Discussion

In its motion in limine, the defendant requests the court to exclude at trial evidence of compensatory and punitive damages on the grounds that these are not appropriate measures of damages under the Rehabilitation Act as it was effective on the date of the plaintiff's termination. In its motion to strike the demand for jury trial, the defendant asserts that there is no right to a jury trial under the Act as it was effective on the date of the plaintiff's termination.

The plaintiff responds that the Act permits recovery of the full panoply of requested damages and, as a result, she is entitled to offer evidence in support of her claim for compensatory and punitive damages. The plaintiff further asserts that she enjoys a Seventh Amendment right to a jury trial because compensatory and punitive damages are in the nature of legal, as opposed to equitable, relief.

The resolution of each motion turns on the question of which types of damages are available under the Act.

The parties do not dispute that the plaintiff's claim is based on her May 9, 1991, termination and, therefore, is governed

2

by the Rehabilitation Act as it existed prior to the 1991 amendments to the Civil Rights Act, which did not take effect until November 7, 1991.  See, e.g., Landgraf v. USI Film Prods, 114 S. Ct. 1483, 1508 (1994) (1991 amendment creating right to compensatory and punitive damages, therefore creating constitutional right to jury trial, does not operate retroactively to Title VII case pending prior to effective date of amendment).

I.   Availability of Damages

The First Circuit has not squarely addressed the question of whether the Rehabilitation Act, prior to the 1991 amendments, permitted litigants to recover monetary damages beyond back pay.  However, in Rivera Flores v. Puerto Rico Telephone Co., the district court for the district of Puerto Rico confronted the issue and, based on an exhaustive review of the statutory language, legislative history and analogy to Title VI, ruled that a prevailing plaintiff could receive injunctive relief, back pay, and attorney's fees but could not claim compensatory damages. 776 F. Supp. 61, 71 (D.P.R. 1991); see Eastment v. Virginia Polytechnic Institute, 939 F.2d 204, 209 (4th Cir. 1991) (Rehabilitation Act and Title VI litigants may not recover punitive damages or compensatory damages for pain or suffering as such awards are of a "non-equitable" nature).  But see Miener v.

3

State of Missouri, 673 F.2d 969, 978 (8th Cir.), cert. denied, 459 U.S. 909 (1982) (Rehabilitation Act litigants may recover compensatory damages); Glanz v. Vernick, 750 F. Supp. 39, 42 (D. Mass. 1990) (for purposes of resolving pending motion, court "assume[d] without deciding" that a claim for damages may be maintained under Rehabilitation Act). Moreover, the Rivera Flores court's exclusion of non-equitable remedies is consistent with Title VI jurisprudence, which the Rehabilitation Act incorporates by reference. See 29 U.S.C.A. § 794(a)(1) (West 1985) (the "remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 shall be available" to Rehabilitation Act litigants); see, e.g., Eastman, 939 F.2d at 206-07 (applying Title VI caselaw to Rehabilitation Act). The Supreme Court has noted that

> [b]efore the enactment of the 1991 Act, Title VII afforded only "equitable" remedies. The primary form of monetary relief available was backpay.
>
> * * * *
>
> Before 1991, for example, monetary relief for a discriminatorily discharged employee generally included "only an amount equal to the wages the employee would have earned from the date of discharge to the date of reinstatement, along with lost fringe benefits such as vacation pay and pension benefits." United States v. Burke, 112 S. Ct. 1867, 1873 (1992).

Landgraf, 114 S. Ct. at 1490-91 (footnotes omitted); The court finds that the Rehabilitation Act, as effective on May 9, 1991,

4

did not permit recovery for mental anguish, embarrassment, exemplary damages, or punitive damages. Monetary awards for back pay and loss of fringe benefits were properly claimed under the statute.[1]

## II. Availability of Jury Trial

The finding, supra, that the plaintiff may only recover for back pay and benefits guides the court's consideration of whether she enjoys a right to a jury trial. The Rivera Flores court has addressed this issue as well:

> [The Rehabilitation Act] is silent as to the availability of the right to a jury trial. Moreover, Title VI of the Civil Rights Act, to which the Court refers for the scope of § 504's rights and remedies, contains no explicit grant of a jury trial. Cases have generally assumed, however, that § 504 does not afford a jury trial. See, e.g., Smith v. Barton, 914 F.2d 1330, 1336 (9th Cir. 1990) (no statutory entitlement under § 504 to jury trial); Doe v. Region 13 Mental Health- Mental Retardation Comm'n, 704 F.2d 1402, 1407 n. 3 (5th Cir. 1983) ("jury trials do not appear to be a matter of right under the Rehabilitation Act").
>
> Because the Court has concluded that the remedies available to a § 504 plaintiff are limited to the equitable type remedies of Title VII of the Civil Rights Act, we look to cases interpreting Title VII. Although the Supreme Court recently stated that it has never held that a plaintiff seeking back pay has a right to a jury trial, Chauffeurs, Teamsters And Helpers, Local No. 391 v. Terry, 494 U.S. 558 (1990),

[1]The defendant has not challenged the availability of attorney's fees to litigants who prevail under the Rehabilitation Act. See Defendant's motion in limine.

5

in <u>Great American Federal Savings and Loan Ass'n v. Novotony</u>, 442 U.S. 366, 375 (1979), the Supreme Court noted that courts have consistently denied the right to a jury trial under Title VII.

776 F.2d at 71, n. 23 (Seventh Amendment guarantee of jury trial inapplicable to claims seeking equitable relief alone); <u>see</u> <u>Landgraf</u>, 114 S. Ct. at 1488 (prior to 1991 amendments, Title VII only provided equitable relief). Finally, the First Circuit has noted recently that

it is well established that Title VII [prior to the 1991 amendment], being essentially equitable in nature, does not carry with it the right to trial by jury, even when the plaintiff seeks back pay.

<u>Vargas v. Durfee</u>, 1995 U.S. App. LEXIS 8087 * 2 (1st Cir. April 12, 1995) (citing <u>Ramos v. Roche Products, Inc.</u>, 936 F.2d 43, 49-50 (1st Cir.), <u>cert. denied</u>, 502 U.S. 941 (1991)). The court finds that the plaintiff has neither a statutory nor a constitutional right to litigate her Rehabilitation Act claim before a jury.


<u>Conclusion</u>

The defendant's motion <u>in</u> <u>limine</u> (document no. 22) is granted. The plaintiff may only seek equitable relief in the form of back pay, benefits and attorney's fees. The plaintiff may not introduce evidence in support of other measures of

6

damages except where the evidence would be admissible for other purposes.

The defendant's motion to strike the demand for a jury trial (document no. 21) is granted.  The clerk shall re-designate this lawsuit for a bench trial.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

June 19, 1995

cc:  William E. Aivalikles, Esquire
     Martha V. Gordon, Esquire